UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 29 P 3: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

---------------------------------------------------------x

STERLING EQUIPMENT, INC.,
               Plaintiff,

v.

M.A.T. MARINE, INC.,
               Defendant.

:
:
:
:
:
:
:
:
:

04 C 1 2 3 1 3 NMG

CIVIL ACTION NO.
**IN ADMIRALTY**

RECEIPT # 5 9698
AMOUNT $ 150.00
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 10/29/04

---------------------------------------------------------x

MAGISTRATE JUDGE ____

**VERIFIED COMPLAINT**

    NOW COMES plaintiff, Sterling Equipment, Inc., by and through its attorneys, complaining of the above-named defendant, alleges as follows upon information and belief:

<u>Jurisdiction</u>

    1.    Jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim for breach of charter within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff also relies upon the supplemental jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367 to the extent that plaintiff invokes pendent state law claims, to wit: the procedure and relief specified in Chapter 223 of the Massachusetts General Laws and Mass. R. Civ. P. 4.1 for the attachment of defendant's property.

<u>Parties</u>

    2.    Plaintiff, Sterling Equipment, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 62 Nay Street. East Boston, Massachusetts 02128. At times material hereto, plaintiff

owned, and still owns, the vessel "JP," a 454 gross ton ocean-going, deck barge of steel

construction built in 1999 which is documented under the laws of the United States of America,

bearing Official No. 1086278 (hereinafter referred to as "Barge").

3.      Defendant, M.A.T. Marine, Inc., is a corporation duly organized and existing

under the laws of the Commonwealth of Massachusetts with its principal place of business

located at 66 Sandwich Road, Bourne, Massachusetts 02532.

Factual Allegations

4.      On or about May 7, 2003, defendant entered into a certain charter agreement with

plaintiff under the terms of which the latter agreed to bareboat charter the Barge to defendant

(hereinafter referred to as "Charter Party").

5.      Pursuant to Section 3 of the Charter Party, defendant agreed to pay plaintiff

the sum of $8,500.00 per month for the use and hire of the Barge.

6.      Pursuant to Section 15 of the Charter Party, defendant agreed that should it

become necessary for plaintiff to enforce its rights under the terms of the Charter Party,

defendant agreed to pay reasonable attorneys' fees and costs to plaintiff.

7.      Pursuant to the terms of the Charter Party, plaintiff delivered possession of the

Barge to defendant on or about May 7, 2003.

8.      Commencing on or about May 7, 2003, and each and every month thereafter,

plaintiff rendered invoices to defendant for charter hire.

9.      Although defendant made certain payments on account, there is now due, owing

and unpaid the sum of $38,250.00, as nearly as the same can now be estimated, together with

interest and costs of collection, including reasonable attorneys' fees. Copies of the unpaid

invoices are attached hereto and marked collectively as **Exhibit A**.

10.    On or about August 4, 2004, plaintiff informed defendant that it was in default under the terms of the Charter Party because defendant had failed to pay charter hire as required under the terms of Section 3 thereof.

11.    Despite repeated demands, defendant has refused to pay its arrearages as previously demanded by plaintiff.

12.    Plaintiff has duly performed all duties and obligations on its part to be performed under the Charter Party.

Cause of Action
(Breach of Contract)

13.    Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through 12 of this Verified Complaint with the same force and effect as if set forth fully herein.

14.    By reason of these premises, defendant has breached the terms of the aforesaid Charter Party by failing to pay to plaintiff the accrued charter hire.

15.    As a direct and proximate result of the foregoing, plaintiff has sustained damages in the amount of $38,250.00, as nearly as the same can now be estimated, together with interest and costs of collection, including reasonable attorneys' fees, no part of which has been paid by defendant although duly demanded.

W H E R E F O R E, plaintiff prays that this Honorable Court adjudge as follows:

(i)    That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *in personam* defendant, citing it to appear and answer under oath to each and all of the matters aforesaid;

(ii)  That this Honorable Court enter an order, judgment, and decree in favor of plaintiff against defendant for the amount of plaintiff's damages asserted herein, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(iii)  That process in due form of law according to the provisions of Chapter 223 of the Massachusetts General Laws and Mass. R. Civ. P. 4.1 issue against the property of the *in personam* defendant in the amount $38,500.00, the sum set forth in this Verified Complaint, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(iv)  That the property of the *in personam* defendant be condemned and sold to pay the demands stated above, with interest, costs, attorneys' fees and disbursements of plaintiff; and

(v)  That plaintiff have such other and further relief as to this Honorable Court and justice may deem just, proper, and appropriate under the circumstances of these premises.

Dated: October 2, 2004

Respectfully submitted,

STERLING EQUIPMENT, INC.
By its attorneys,

NORMAN A. PELOQUIN, II P.C.

By: _____

Norman A. Peloquin, II, Esquire
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

-4-

## Verification

Norman B. Bourque, Jr., hereby states under the penalty of perjury pursuant to 28 USC §1746 that:

1.    I am Norman B. Bourque, Jr., General Manager of plaintiff, Sterling Equipment, Inc.

2.    I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3.    The source of my information are the business records and documents of plaintiff, as well as my own involvement in the charter of the barge and subsequent efforts to collect the debt.

I certify under the penalty of perjury that the foregoing is true and correct on this 29TH day of October, 2004.

Norman B. Bourque, Jr.