UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
:
STERLING EQUIPMENT, INC.,                                      :
               Plaintiff,                                    :
:
v.                                                             :     CIVIL ACTION NO.
                                                                   :     04-12313 NMG
M.A.T. MARINE, INC.,                                           :
               Defendant.                                    :     **IN ADMIRALTY**
:
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REAL ESTATE ATTACHMENT**

      NOW COMES plaintiff, Sterling Equipment, Inc. (hereinafter referred to as "Sterling"), and by and through its attorneys, hereby submits this memorandum of law in further support of its request for an order authorizing the issuance of process of attachment of real estate standing in the name of defendant, M.A.T. Marine, Inc., to the amount requested herein.

I.    <u>Statement of the Facts/Procedural Posture of the Case</u>

      On October 29, 2004, Sterling commenced the above-captioned action in admiralty against defendant, M.A.T. Marine, Inc., by filing the <u>Verified Complaint</u> herein.  Plaintiff alleges a breach of charter party and seeks damages against defendant for accrued charter hire in the sum of $38,250.00, together with interest and costs of collection, including reasonable attorneys' fees.  To secure the money judgment that Sterling expects to obtain against defendant, plaintiff invokes the Court's supplemental or pendant jurisdiction and thereby requests the issuance of a limited writ of attachment against defendant and its property pursuant to the provisions of Chapter 223 of the Massachusetts General Laws and Rule 4.1 of the Massachusetts Rules of

Civil Procedure.[1]

After conducting an *ex parte* hearing at Sterling's request on October 29, 2004, the Court ordered plaintiff to serve notice upon defendant and its counsel to afford them an opportunity to appear in court and oppose the request for attachment at a hearing on Thursday, November 4, 2004 at 10:00 a.m.

To the extent not otherwise stated herein, plaintiff relies upon, and incorporates by reference, the facts and reasons contained in the undersigned's <u>Affidavit in Support of Ex Parte Real Estate Attachment</u>, dated October 29, 2004.

II.    <u>Legal Standard</u>

Attachment is a prejudgment remedy available to a litigant suing for money damages and used to encumber defendant's property during the pendency of a lawsuit. The procedure for attachment is governed by Chapter 223 of the Massachusetts General Laws and Rule 4.1 of the Massachusetts Rules of Civil Procedure.

The provisions of Chapter 223 of the General Laws authorizes the prejudgment attachment of real and personal property. M.G.L. c. 223, §§42-83A. Section 42 provides as follows:

> **§42. Property subject to attachment.** All real and personal property liable to be taken on execution, except such personal property as, from its nature and situation, [is] exempt, ...may be attached upon a writ of attachment in any action in which the debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover, ....

---

[1] The procedures and relief for maritime attachment and garnishment specified Rule B of the Supplemental Rules for Certain Admiralty and Maritime Matters of the Federal Rules of Civil Procedure (hereinafter referred to as "Supplemental Rule B") are not available herein because defendant is a Massachusetts corporation that can be found within the District of Massachusetts and the jurisdiction of this Honorable Court within the meaning of Supplemental Rule B.

M.G.L. c. 223, §42. If the underlying claim is liquidated or ascertainable by calculation, the attachment is limited to the amount of the claim, and such additional sums as is reasonably necessary to include interest and costs likely to be taxed in the action.  M.G.L. c. 223, §42A; Afcodian (International), Ltd. v. Brompton Air Services Div. of African-American Trade Corp., 753 F.2d 176, 177-78 (1st Cir. 1985).

Rule 4.1 of the Massachusetts Rules of Civil Procedure codifies the procedural rules of state-law attachment practice. Rule 4.1(a) provides, in pertinent part, as follows:

> **(a) Availability of Attachment.** Subsequent to the commencement of any action ..., real estate, goods and chattels and other property may, in the manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover.

Mass. R. Civ. P. 4.1(a). Thus, an action in which attachment of property is sought may be commenced by filing a complaint and motion for approval of the attachment. Mass. R. Civ. P. 4.1(c). The motion must be supported by affidavit(s). *Id*. Except as provided in subdivision (f) of Rule 4.1, the motion and affidavit, with notice of hearing thereon, shall be served upon defendant in the manner provided by Rule 4, at the same time the summons and complaint are served. *Id*.

The conditions for issuance of a writ of attachment are set forth in Rule 4.1(c) as follows:

> **(c) Same: Service.**
> \*     \*     \*
> No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (f) of this rule [*ex parte* hearing], the order of approval may be entered only after notice to the defendant and hearing and *upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment*.

Mass. R. Civ. P. 4.1(c) (*Emphasis added*.).

III.    Legal Argument

Because there is no evidence of liability insurance,[2] the central question on Sterling's request for real estate attachment is whether plaintiff, as the moving party, has satisfied the burden of proving that "there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." Although the Supreme Judicial Court of Massachusetts has not yet had an occasion to interpret the phrase "reasonable likelihood," the District Court, Garrity, J., has opined that "the central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." Anderson Foreign Motors, Inc. v. New England Toyota Distributors, Inc., 475 F. Supp. 973, 978 (D. Mass. 1979).

In the case at bar, it is uncontroverted that the parties entered into a written charter party for the use of the barge "JP" on the terms and conditions set forth in the Verified Complaint. Furthermore, defendant does not dispute that it breached the charter agreement by failing to pay charter hire for the months of September 2003 through January 2004. Sterling has therefore demonstrated a probability of success on the merits and a reasonable likelihood of recovering a judgment against defendant.

With respect to amount of the attachment, section 42A protects defendant by limiting the attachment to "the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action." M.G.L. c. 223, §42A; see also, Afcodian (International), Ltd., 753 F.2d at 178 (The statute "seems designed simply to

---

[2] Defendant may argue that attachment is inappropriate in this matter because plaintiff has recourse against defendant's payment and performance bond issued by its surety, Gulf Insurance Company. Under the Miller Act, 40 U.S.C. §270(a), a claimant must give written notice to the prime contractor within ninety (90) days from the date on which equipment was last supplied in furtherance of the project. In the case at bar, defendant redelivered possession of the barge to plaintiff in January of 2004. Although plaintiff does not consider the bond to be "liability insurance," plaintiff wishes to advise the Court that it did not make demand upon the surety until August 26, 2004.

prevent a plaintiff from seizing by attachment more money than likely will be needed to pay a judgment with attendant expenses."). In the instant case, the underlying claim for past due charter hire is $38,250.00. <u>Verified Complaint</u>, para. 9. Pursuant to the provisions of the parties' charter party, Sterling is also entitled the recovery of the costs of collection, including reasonable attorneys' fees. <u>Verified Complaint</u>, para. 6. In addition to attorneys' fees and costs, it is well settled that prejudgment interest is awarded in admiralty cases, absent special circumstances such as unwarranted delay or bad faith. Davis, *Maritime Law Deskbook* at 359 (1997 ed.) (citations omitted). Since there are no special circumstances that would prevent an award of prejudgment interest, Sterling is entitled to interest from the date the cause of action accrued, through the date of award.

Sterling is unaware of the existence of a counterclaim or affirmative defense which defendant may rely upon to show that Sterling is not reasonably likely to recover judgment. In correspondence with defense counsel, the argument has been put forth that attachment is inappropriate because defendant is financially sound, and that any judgment in favor of Sterling will be satisfied. The existence of unencumbered assets and/or equity in its property is, however, immaterial to plaintiff's ability to garner security for the money judgment that it expects to obtain in this action. The requirements for the issuance of a writ of attachment under state law are clear and unambiguous and do not consider the financial condition of defendant.[3]

IV.     <u>Conclusion</u>

Based upon the foregoing, Sterling has satisfied the requirements of Chapter 223 of the Massachusetts General Laws and Rule 4.1 of the Massachusetts Rules of Civil Procedure, and is therefore entitled to the attachment of defendant's property in the requested amount of Fifty Thousand and 00/100 Dollars ($50,000.00).

---

[3] On October 29, 2004, defendant's sister company, M.J.H. Leasing, Inc., filed a voluntary petition for protection in the United States Bankruptcy Court (Boston, Massachusetts), Petition No. 04-18802.

Dated: November 3, 2004               Respectfully submitted,

                                      STERLING EQUIPMENT, INC.
                                      By its attorneys,

                                      NORMAN A. PELOQUIN, II P.C.


                          By:    /s/ Norman A. Peloquin, II
                                 Norman A. Peloquin, II, Esquire
                                 (BBO No. 550872)
                                 Morad Building, 460 County Street
                                 New Bedford, MA 02740-5107
                                 Tel. 508-991-2300
                                 Fax 508-991-8300

<u>Certificate of Service</u>

I hereby certify that on the 3rd of November, 2004, I served a copy of the foregoing document by facsimile upon defendant, M.A.T. Marine, Inc., 66 Sandwich Road, Bourne, MA 02532, and upon defendant's counsel, Robert J. Murphy, Holbrook & Murphy, 150 Federal Street, 12th Floor, Boston, MA 02110; and Victor Bass, Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110.

                                      /s/ Norman A. Peloquin, II
                                      Attorney-at-Law