UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING EQUIPMENT, INC., **Plaintiff** ) ) ) ) | |
| v. ) ) | **CIVIL ACTION NO. 04-12313 NMG** **IN ADMIRALTY** |
| M.A.T. MARINE, INC., **Defendant.** ) ) ) | |

## AFFIDAVIT OF KATHLEEN O'NEIL HALLAM

Kathleen O'Neil Hallam, being duly sworn, deposes and states as follows:

1.  My name is Kathleen O'Neil Hallam. I am an officer of the defendant corporation, M.A.T. Marine, Inc. ("MAT Marine")

2.  I have read the Complaint in this matter (except page two which was missing from the copy I received) and Plaintiff's Motion for Attachment, and make this affidavit of my personal knowledge in opposition to Plaintiff's Ex Parte Motion for Real Estate Attachment (""Motion").

3.  Plaintiff has failed to notify the Court that the job for which its barge was hired by MAT Marine was covered by payment bond No. AB6298190 issued by Gulf Insurance Company, on which Plaintiff has already made demand, for the sum of $32,250, rather than the $38,250 asserted in the Complaint. (See letter of demand from Attorney Peloquin and acknowledgment from bonding company, attached as Exhibits A & B. respectively.)

4.  The allegations in the Motion, paragraph 4, that MAT Marine has no assets which could be used to satisfy a judgment in this action, is false, as Plaintiff should know. On August 9, 2002 MAT Marine purchased the tugboat Chicopee from Plaintiff for $65,000 (paid in full) and currently owns that tugboat, on which there is no lien, which is in good working order, and for which MAT Marine has been offered $90,000.

6

5.    MAT Marine's most recent U.S. Income Tax Return, referencing its books and records, shows $365,129 of net depreciable assets (after depreciation), consisting of approximately 18 items of equipment, none of which are subject to liens except two items for a total of approximately $80,000.

6.    MAT Marine has experienced cash flow problems, of which this action and the real estate foreclosure referenced in the complaint are a symptom but is a solvent and operating business which is currently trying to restructure its liabilities, including with the Slade Ferry Bank. Granting the requested attachment might well prevent a consensual resolution of the pending foreclosure and thus would unfairly and unnecessarily adversely affect MAT Marine.

Signed under the pains and penalties of perjury this 4th day of November, 2004.

Kathleen O'Neil Hallam

Plymouth, ss.

Subscribed and sworn to before me this 4th day of November, 2004 by Kathleen O'Neil Hallam, personally known to me.

Victor Bass
Notary Public
My commission expires: 2/10/06

00882404

DEFENDANT'S
EXHIBIT
A

RECEIVED - COP

LAW OFFICE OF

AUG 1 1 2004 **NORMAN A. PELOQUIN, II, P.C.**

18055 SWEET VALLEY DRIVE        A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELLORS AT LAW

MORAD BUILDING, 460 COUNTY STREET
NEW BEDFORD, MASSACHUSETTS 02740-5107

RECEIVED

AUG 1 0 2004

NY IDI CLAIMS OPERATIONS

NORMAN A. PELOQUIN, II†
MATTHEW A. LYONS ‡
†ADMITTED IN MA AND RI
‡ADMITTED IN MA, NY AND NJ

*Jack*

TELEPHONE: 508.991.2300
TELECOPIER: 508.991.8300
E-MAIL: peloquin@sealaw.net

August 4, 2004

**Via Facsimile Only** (Total Pages: 02)
(508) 759-0309
M.A.T. Marine, Inc.
P.O. Box 97
Monument Beach, MA 02553
Attn: Michael Hallam

**NOTICE OF DEFAULT and
DEMAND FOR PAYMENT**

Re:   **Charter Agreement by and between Sterling Equipment, Inc.,
as Owner of the Barge JP, and M. A. T. Marine, Inc., as Charterer
in connection with USACE Contract No. DACW33-03-C-0006;
Our File No. 03-112.44.**

Dear Mr. Hallam:

As you know, I am counsel for Sterling Equipment, Inc. of East Boston, Massachusetts
("Sterling"). Pursuant to Paragraph 20 of the Charter Agreement, dated May 7, 2003, by and
between Sterling and M.A.T. Marine, Inc. ("M.A.T. Marine"), Sterling hereby notifies M.A.T.
Marine of your default for failure to pay the agreed-upon charter hire of $8,500.00 per month in a
prompt and timely manner. Although the barge "JP" has been redelivered by you, M.A.T.
Marine still owes Sterling the sum of $32,250.00 for accrued charter hire.

Notwithstanding your repeated assurances to the contrary, M.A.T. Marine has not paid
the account. Accordingly, Sterling is hereby making demand upon your surety, Gulf Insurance
Company, who reads this demand in copy, for the payment of the accrued charter hire under
Payment Bond No. ~~A0G2108190~~ Please forward a copy of the payment bond issued on your
behalf by the surety for the benefit of those persons providing labor, materials, and services in the
prosecution of the project.

By making demand upon your surety, Sterling does not waive any other right available to
it under the terms of the underlying charter agreement, or any other remedy available to it at law,
in admiralty and/or in equity.

RHODE ISLAND OFFICE:
16 MAIN ROAD, P.O. BOX 65
ADAMSVILLE, RHODE ISLAND 02801
TEL. 401.635.9100; FAX 401.635.010

**NORMAN A. PELOQUIN, II P.C.**

M.A.T. Marine, Inc.
August 4, 2004
Page 2

Your prompt attention is required.

Very truly yours,

Norman A. Peloquin, II

NAP;jam
cc: ████████████████

P.O. Box 131771
Dallas, TX 75313
**(Payment Bond No. AE6298190)**
**By Certified Mail, Return Receipt Requested**
7002 0510 0003 7695 4111 and ████████████████

Contracting Office
New England District
U.S. Army Corps of Engineers
696 Virginia Road
Concord, MA 01742-2751
**(USACE Contract No. DACW33-03-C-0006)**

Sterling Equipment, Inc.
62 Nay Street
East Boston, MA 02128
Attn: Robert DeCrescenzo



DEFENDANT'S
EXHIBIT
_B_

**CONTRACT OPERATIONS PLANNING, LLC**
10055 Sweet Valley Drive - Valley View, Ohio 44125
(216) 447-9004 - fax (216) 447-9137

**COP**

August 13, 2004

<u>**VIA REGULAR AND CERTIFIED MAIL**</u>

Ms. Kathleen Hallam, President
M.A.T. Marine, Inc.
P.O. Box 974
Monument Beach, MA 02533

RE:    Principal:    M.A.T. Marine, Inc.
       Carrier:      Gulf Insurance Company
       Project:      Sector Gate Repairs
       Bond No.:     AE6298190

Dear Ms. Hallam:

As you know, this office has been retained by Gulf Insurance Company (Gulf) to investigate claims regarding the above captioned matter. Pursuant thereto, the enclosed August 4, 2004 correspondence from Sterling Equipment, Inc., presenting claim in the amount of $32,250.00, representing amounts due for barge rental provided to the instant project, has been forwarded to the undersigned for evaluation and response.

Please be advised you remain corporately and personally liable under the Indemnity Agreement you previously executed for Gulf on May 24, 2000, for any and all valid claims against the bond on this matter and for any adjusting and litigation expense incurred by Gulf in resolving such claims. Accordingly, COP, LLC requests your cooperation in contacting the undersigned by the close of business on August 20, 2004 and advising this office how and when you propose to pay this claim; or, if you dispute this claim, how you propose to defend. Your response should be in writing with appropriate supporting documentation attached. Absent such timely response, COP LLC will independently resolve said claim and immediately commence collection proceedings consistent with the rights granted in the aforesaid Indemnity Agreement, to collect all damages incurred by Gulf.

Thank you in advance for your anticipated cooperation.

None of the foregoing should be construed to admit any liability or waive any rights, remedies, or defenses of Gulf Insurance Company.

Very truly yours,

Gregory N. Miracle
Claims Adjuster

Enclosures