UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
STERLING EQUIPMENT, INC.,                            :
               Plaintiff,                        :
:
v.                                                                      :     CIVIL ACTION NO.
:     04-12313 NMG
M.A.T. MARINE, INC.,                                       :
               Defendant.                     :     **IN ADMIRALTY**
:
------------------------------------------------------------x

**PLAINTIFF'S SECOND MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR REAL ESTATE ATTACHMENT**

NOW COMES plaintiff, Sterling Equipment, Inc. (hereinafter referred to as "Sterling"), and by and through its attorneys, hereby submits this memorandum of law in further support of its request for an order authorizing the issuance of process of attachment of real estate standing in the name of defendant, M.A.T. Marine, Inc. (hereinafter referred to as "M.A.T. Marine"), to the amount requested herein.

I.      Procedural Posture of the Case

On Thursday, November 4, 2004, the parties appeared before this Honorable Court for a hearing on the merits in connection with Sterling's request for the issuance of a limited writ of pre-judgment attachment against certain real estate owned by defendant, M.A.T. Marine, Inc. In opposition thereto, M.A.T. Marine does not dispute the underlying contractual breach; instead, defendant seeks to limit the type of attachment to personal property on the mistaken basis that the attachment of its real estate would somehow impair its ability to negotiate with the foreclosing lender, Slade Ferry Trust Company. As set forth in the attached correspondence from Messrs. Saunders & Michaud, LLP (**Exhibit A**), the mortgagee/bank does not object to

Sterling's request for real estate attachment. Accordingly, plaintiff renews its request for the issuance of a limited writ of attachment against the real estate of defendant located on Fish Island in New Bedford, Massachusetts.

II.     Legal Discussion

The Court has requested that the parties submit supplemental legal memoranda by noontime on Tuesday, November 9, 2004, on the appropriateness of the requested attachment. Specifically, the Court has asked plaintiff to answer the question whether it would be in the same secured position with an attachment of non-exempt personal property.

To answer the Court's query, plaintiff has not found a basis in law for its election of a real estate attachment over the attachment of defendant's non-exempt personalty. All real and personal property of M.A.T. Marine which may be taken by execution is subject to attachment (with certain exceptions). M.G.L. c. 223, §42.

There are, however, practical considerations that should be addressed. Unlike the attachment of real estate, non-exempt personal property is usually attached by the officer taking physical possession of the property. *Tourles v. Hall*, 341 Mass. 299, 168 N.E.2d 505 (1960). To ease the burden that often results from retention of property by the attaching officer, a keeper is usually appointed to take custody of the property. M.G.L. c. 223, §§48-49. Where personal property is bulk goods or fixtures difficult to move, the officer may leave the property where it is located after the attachment. M.G.L. c. 223, §50.

In the case at bar, the personal property being offered consists of various vehicles, trailers, construction and related equipment. The property described in **Exhibit B** hereto is covered by the lender's all-asset security interest. These items are not in the nature of bulk

goods or fixtures, and will certainly involve the appointment and additional cost of a keeper.  In addition, plaintiff, as the attaching creditor, will be subject to liability not otherwise present if it were allowed to attached the Fish Island realty.

Under Massachusetts law, a plaintiff may attach personal property which is subject to a mortgage, pledge, lien or other security interest.  M.G.L. c. 223 §§74-83A.  However, a secured party may, within a reasonable time after attachment, make a demand for payment of the amount of the security interest.  M.G.L. c. 223, §75.  The attaching creditor must then pay the amount of the security interest to the secured party within ten (10) days.  M.G.L. c. 223, §74.  This requirement of paying the secured creditor upon demand does *not* apply to mortgagees of real estate. *Id*.

With respect to the tug CHICOPEE, defendant has not complied with the conveyancing requirements of Title 46 of the United States Code,[1] and therefore, plaintiff has no ability to record a writ of attachment with the proper governmental authority should one issue.[2]  Furthermore, the *incohate* nature of maritime liens makes it impractical to attach any vessel without the benefit of a preferred mortgage lien.

---

[1] **§ 31321.  Filing, recording, and discharge.**  (a)(1) A bill of sale ... that includes any part of a documented vessel ..., must be filed with the Secretary of Transportation to be valid, to the extent the vessel is involved, against *any person* except - - * * * * (C) a person having actual notice of the sale, .... (Emphasis added.)  See, *Mullane v. Chambers*, 333 F.3d 322 (1st Cir. 2003).

[2] Plaintiff has obtained a certified Abstract of Title (CG-1332) on the vessel from the United States Coast Guard's National Vessel Documentation Center ("NVDC").  A true copy of the Abstract of Title, dated November 3, 2004, is attached hereto and marked as **Exhibit C**.  The last owner of record is C & M Marine Towing, Inc., formerly of Bristol, Rhode Island.

III.   Conclusion

Based upon the foregoing, Sterling has satisfied the requirements of Chapter 223 of the Massachusetts General Laws and Rule 4.1 of the Massachusetts Rules of Civil Procedure, and is therefore entitled to the limited attachment of defendant's property located at Fish Island in New Bedford, Massachusetts, in the requested amount of Fifty Thousand and 00/100 Dollars ($50,000.00).

Dated: November 9, 2004

Respectfully submitted,
STERLING EQUIPMENT, INC.
By its attorneys,

NORMAN A. PELOQUIN, II P.C.

By:   /s/ Norman A. Peloquin, II
Norman A. Peloquin, II, Esquire
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

### Certificate of Service

I hereby certify that on the 9th of November, 2004, I served a copy of the foregoing document by facsimile upon defendant's counsel, Victor Bass, Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110.

/s/ Norman A. Peloquin, II
Attorney-at-Law

**Exhibit A**

LAW OFFICES OF

# SAUNDERS & MICHAUD, LLP

Andrew B. Saunders
Joseph L. Michaud
Sandra G. Saunders
Christopher T. Saunders

November 9, 2004

700 Pleasant Street
New Bedford, MA 02740
Tel: (508) 999-0600
Fax: (508) 999-5400
E-mail: smllp@conversent.net

Attorney Norman A. Peloquin, II
460 County Street
New Bedford, MA 02740

    RE: M.A.T. Marine, Inc.

Dear Attorney Peloquin:

    Following up your correspondence dated November 4, 2004, concerning the civil action pending in the United States District Court between Sterling Equipment, Inc. and M.A.T. Marine, Inc., we advise that our client, Slade's Ferry Trust Co. takes no position as it relates to your client's efforts to obtain pre-judgment security in that action.

    For purposes of clarification, we advise that our office has initiated foreclosure proceedings on behalf of Slade's Ferry Trust Co. against M.A.T. Marine concerning the property located on 1 Fish Island in New Bedford, Massachusetts. There is currently scheduled a foreclosure auction to take place on November 18, 2004, at 11:00 a.m. at the site. And it is our intention to proceed forward with the foreclosure auction as scheduled.

    Should you have any questions or comments, or require further clarifications, please do not hesitate to advise.

                       Very truly yours,

                       SAUNDERS & MICHAUD, LLP

                       ANDREW B. SAUNDERS

ABS/eaf

LAW OFFICES OF

# SAUNDERS & MICHAUD, LLP

Andrew B. Saunders
Joseph L. Michaud
Sandra G. Saunders
Christopher T. Saunders

November 9, 2004

700 Pleasant Street
New Bedford, MA 02740
Tel: (508) 999-0600
Fax: (508) 999-5400
E-mail: smllp@conversent.net

Attorney Norman A. Peloquin, II
460 County Street
New Bedford, MA 02740

   RE: M.A.T. Marine, Inc.

Dear Attorney Peloquin:

   Following up your correspondence dated November 4, 2004, concerning the civil action pending in the United States District Court between Sterling Equipment, Inc. and M.A.T. Marine, Inc., we advise that our client, Slade's Ferry Trust Co. takes no position as it relates to your client's efforts to obtain pre-judgment security in that action.

   For purposes of clarification, we advise that our office has initiated foreclosure proceedings on behalf of Slade's Ferry Trust Co. against M.A.T. Marine concerning the property located on 1 Fish Island in New Bedford, Massachusetts. There is currently scheduled a foreclosure auction to take place on November 18, 2004, at 11:00 a.m. at the site. And it is our intention to proceed forward with the foreclosure auction as scheduled.

   Should you have any questions or comments, or require further clarifications, please do not hesitate to advise.

            Very truly yours,

            SAUNDERS & MICHAUD, LLP

            ANDREW B. SAUNDERS

ABS/eaf

**Exhibit B**

## N. A. Peloquin

**From:** "Victor Bass" <vbass@burnslev.com>
**To:** <npeloquin@earthlink.net>;
**Cc:** <matmarine9@aol.com>
**Sent:** Monday, November 08, 2004 3:10 PM
**Subject:** Sterling/MAT Marine

Norman,

In response to your letter today, Kathy Hallam has provided the requested detail on the equipment, shown below the signature block..

With respect to your other questions:

1. The Bank has not responded to our offer of settlement or my phone call last week. I have no reason to expect that they would subordinate their lien to any attachment or lien you got, whether on the equipment or the real estate, so this should be irrelevant to Sterling.

2. I am advised that MAT Marine did not grant any security interest on the listed equipment to any sureties, which should confirm what you learned when you did the UCC search of which you advised the Court. Accordingly, your client should have no subrogation concerns. While it is thus irrelevant to the issue before us, I am also advised that there was no default on the Rye job, and that the issues which arose have been resolved without liability on MAT Marine's part.

Please let me know on which equipment Sterling will accept a voluntary security interest, or whether youi will continue to request a real estateattachment from the court. I look forward to hearing from you promptly.

    Vic

**Victor Bass**
Chair, Bankruptcy Group
Burns & Levinson LLP
125 Summer Street, Boston MA 02110
175 Derby Street, Hingham MA 02043
617-345-3290 fax: 3299


**Komatsu PC 1100 excavator  1999 excellent condition**

**65' Twin screw tug    1984 new engin's last year, excellent condition**
101' tug                built in 1952 good condition
50 ton American Crane   1980 -597 model new bottom put on 2 years ago good     condition
100 ton barge and supporting buckets  Built in 1956 spud barge excellent condition
**1000 c.y. dump scow      Built in 1956 good condition**
Vibro hammer            1995 model 216 good condition
Diesel and hydraulic hammer    Vulcan model 958 good condition
Underwater burning gear
Generators/ wielders
**50 ton lowbed           2002 Fontaine drop deck like new**
32 yard dump trailer    1978 Trailstar fair condition
938Loader               1998 Liek new condition
D3 bulldozer            1998 excellent condition
Bobcat with all attachments    1997 excellent condition
320 excavator           1998 excellent condition
215 excavator           1985 fair condition, replace botton and tracks 2 yrs ago
Rubber tire back hoe    2002 Pc150 Like new
2 Ford trucks           1997/99 F350's good contition

11/8/04

**Exhibit C**

# Fax

| | | | |
|---|---|---|---|
| To: | ATTN: NORMAN PELOQUIN | From: | HERBERT KISTLER |
| Fax: | 815089918300 | Pages: | 5 |
| Date: | 11/03/2004 03:36pm | | |
| Re: | 562367 | | |

Comments:
IF RECEIVED IN ERROR PLEASE PHONE 1-800-799-8362.

# GENERAL INDEX OR ABSTRACT OF TITLE

DEPARTMENT OF TRANSPORTATION
U.S. COAST GUARD
CG-1332 (Rev. R-67)

* CORPORATE NAME CHANGED TO:
C & M MARINE TOWING, INC.

(1) 562367 (Official number)
(2) OIL KITTY (Name of vessel)
(3) _____
(4) _____
(1) CHICOPEE (Name of vessel)
(2) _____
(ex. USN YTM-747, LT 1966)

This vessel was built at __New Orleans, La.__ in __1952__ of __steel__
by __Higgins, Inc.__ for __U.S. NAVY__
as appears by __certificate of N.B.Miller, Director, Ship Production Office, Production Directorate, Naval Ship Systems Command,__ on file at New Bedford, Mass.

| GRANTOR | GRANTEE | Kind of instrument and part conveyed | Date of instrument and date of maturity | Consideration or amount, or charge amount | Received for record | Recorded | Time of endorsement and entry or approval of home port | Port where endorsed |
|---|---|---|---|---|---|---|---|---|
| United States of America | Edward O. Sanchez, Jr. | Bill/Sale the whole | 3/22/74 | $125,100.00 | 1/31/75 9:05 AM | S-28 P-72 | 1/31/75 9:00 AM New Bedford, Mass. | |
| Edward O. Sanchez,Jr. | Chicopee Towing Co., Inc. | Bill of sale | 8/10/75 | Ten dollars & ovc | July 11, 1975 9:00 AM EDST | Book S-29 page 63 | July 11, 1975 8:45 AM EDST N.Bedford | |
| CHICOPEE TOWING CO., INC. | CROSBY TOW BOAT CO., INC. | B/S whole | 27 MAY 86 | | 27 MAY 86 3:10 PM | BS 86B PG 570 | | |
| CROSBY TOW BOAT CO. INC | CAPE COD BANK AND TRUST COMPANY | PM 100% | 27 MAY 86 | $2,133,250.00 | 28 MAY 86 3:25 PM | PM 48 PG502 | 28 MAY 86 3:26 PM 3:27 PM BOSTON | |
| CAPE COD BANK AND TRUST COMPANY | CROSBY TOW BOAT CO., INC. | Sat 100% | 29 Aug 89 | $2,133,250.00 | 01 Sep 89 10:15 a.m. | Book PM-72 Page 045 | filed @ BOSVD 8/31/89 @ 2:30 p.m. | |
| C & M MARINE TOWING, INC. | NEW BEDFORD INSTITUTION FOR SAVINGS | P/M 100% | 30 Aug 89 | $1,000,000.00 + Int. | 01 Sep 89 10:50 a.m. | Book PM-72 Page 046 | filed @ BOSVD 8/31/89 @ 2:30 p.m. | |
| C & M MARINE TOWING, INC. | CHESTER A. CROSBY, JR. | P/M 100% | 30 Aug 89 | $200,000.00 + Int. | 01 Sep 89 11:00 a.m. | Book PM-72 Page 047 | filed @ BOSVD 8/31/89 @ 2:30 p.m. | |

PREVIOUS EDITION MAY BE USED

Page 1 of 4

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332A (Rev. 6-93) | GENERAL INDEX OR ABSTRACT OF TITLE CONTINUATION SHEET NO. 1 | | | | | OFFICIAL NO. 562367 |
|---|---|---|---|---|---|---|
| INSTRUMENT SM | % CONVEYED 100 | DATE 19 01 95 | AMOUNT | $200,000.00 | BOOK PM-94 | PAGE 187 |
| FILED PORT BOSTON, MA | | DATE 25 01 95 | | TIME 2 21 PM | | DATE TERMINATED |
| GRANTOR CHESTER A. CROSBY, JR. | | | | | | |
| GRANTEE C & M MARINE TOWING, INC. | | | | | | |
| INSTRUMENT AMPM | % CONVEYED 100 | DATE 20 01 95 | AMOUNT | $900,000.00 | BOOK PM-94 | PAGE 188 |
| FILED PORT BOSTON, MA | | DATE 25 01 95 | | TIME 2 21 PM | | DATE TERMINATED |
| GRANTOR C & M MARINE TOWING, INC. | | | | | | |
| GRANTEE NEW BEDFORD INSTITUTION FOR SAVINGS | | | | | | |
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| GRANTOR | | | | | | |
| GRANTEE | | | | | | |
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| GRANTOR | | | | | | |
| GRANTEE | | | | | | |

[X] ISSUED AS AN ABSTRACT OF TITLE       [ ] ISSUED FOR CHANGE OF PORT OF RECORD

DATE: 3 2 95        TIME: 5 39 PM

PAGE: 2    OF 2        PORT: BOSTON, MASSACHUSETTS

A.T. MATEO, CW04, USCG
VESSEL DOCUMENTATION SPECIALIST
DOCUMENTATION OFFICER

PREVIOUS EDITION MAY BE USED

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332A (Rev. 6-93) | GENERAL INDEX OR ABSTRACT OF TITLE CONTINUATION SHEET NO. 2 | | | | OFFICIAL NO. 562367 | |
|---|---|---|---|---|---|---|
| INSTRUMENT SMTG | % CONVEYED 100 | DATE 08 06 02 | AMOUNT $900,000.00 | | BOOK 02-105 | PAGE 549 |
| FILED PORT NVDC | | DATE 08 22 02 | | TIME 12 02 PM | DATE TERMINATED - - - | |
| GRANTOR Refers to Book 72 Page 046 Fleet National Bank f/k/a New Bedford Institution for Savings | | | | | | |
| GRANTEE C & M Marine Towing, Inc. | | | | | | |
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| FILED PORT | | DATE | | TIME | DATE TERMINATED | |
| GRANTOR | | | | | | |
| GRANTEE | | | | | | |
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| FILED PORT | | DATE | | TIME | DATE TERMINATED | |
| GRANTOR | | | | | | |
| GRANTEE | | | | | | |
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| FILED PORT | | DATE | | TIME | DATE TERMINATED | |
| GRANTOR | | | | | | |
| GRANTEE | | | | | | |

☐ ISSUED AS AN ABSTRACT OF TITLE        ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE:                TIME:

PAGE:        OF        PORT:

DOCUMENTATION OFFICER

PREVIOUS EDITIONS MAY BE USED

Page 3 of 4

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENERAL INDEX OR ABSTRACT OF TITLE Continuation Sheet No. 3 | Official No. 562367 |
|---|---|---|
| ISSUED AS AN ABSTRACT OF TITLE AS OF | | |
| DATE: November 03, 2004   TIME: 08:19 AM | HERBERT KISTLER NATIONAL VESSEL DOCUMENTATION CENTER | |

PREVIOUS EDITION MAY BE USED

Page 4 of 4